UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | File No. 19-cr-61(2) (ECT/KMM) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Edgar Manuel Sierra-Serrano, | |
| Defendant. | |

LeeAnn K. Bell and Ruth Shnider, United States Attorney's Office, Minneapolis, MN, for Plaintiff.

Edgar Manuel Sierra-Serrano, *pro se*.

Defendant Edgar Manuel Sierra-Serrano pleaded guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. ECF Nos. 115, 116. Sierra-Serrano was sentenced to 200 months' imprisonment. ECF No. 163.[1] The United States Court of Appeals for the Eighth Circuit affirmed this judgment on direct appeal, and the United States Supreme Court denied Sierra-Serrano's petition for a writ of certiorari. ECF Nos. 207–209, 211.

Sierra-Serrano has filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 based on claims that he received ineffective assistance of counsel. ECF No. 213. There are essentially three grounds underlying the motion. First, Sierra-

---

[1] Also as a result of his conviction in this case, Sierra-Serrano's supervised release in a prior case was revoked, and he was sentenced to serve a concurrent 60-month imprisonment term in that case. No. 08-cr-28 (JRT/JSM), ECF No. 176.

Serrano identifies numerous arguments he says should have been raised to challenge the search of a vehicle that was found to contain methamphetamine. These arguments assume Sierra-Serrano had a reasonable expectation of privacy (*i.e.*, standing) to challenge the vehicle's search. Second, Sierra-Serrano argues that his counsel did not adequately litigate the standing question. Third, Sierra-Serrano suggests that his counsel should have challenged venue.

The following facts are taken from the Eighth Circuit's opinion[2]:

> On February 17, 2019, Kansas State Trooper Cody Parr performed a routine traffic stop and safety inspection of a semi-truck. One of the vehicles being hauled, a 2004 Ford Explorer "Sport Trac," caught Officer Parr's eye. He performed a registration check and discovered that, despite being registered to someone named "A.L." in California, the Ford had been sold to Alba Haydee Alatorre in 2018. Officer Parr also noticed that the license plate started with the number eight, which meant that it was new and could have been replaced to avoid law enforcement. He also noticed several air fresheners in the Ford.
>
> Based on these facts, Officer Parr suspected that the Ford was being used to transport drugs. After receiving permission from the semi driver, Parr performed a series of "field tests." When they didn't dispel his suspicions, he called in a drug dog to sniff the vehicle. The dog indicated that there were drugs in the Ford's rear cab. Officers then brought it to a body shop, did a full inspection, and discovered about 40 pounds of meth.
>
> To catch the drug dealers, officers replaced the real drugs with fake ones and got a search warrant allowing them to install tracking equipment in the Ford. A few days later, the semi driver delivered it to a parking lot in Minneapolis. Sierra and Alatorre showed up, and Sierra drove away in the Ford.

---

[2] Sierra-Serrano does not appear to dispute any of these facts in his motion. Sierra-Serrano's point is that his counsel should have investigated or raised other, additional facts and arguments.

> Officers followed. After the drugs were unloaded at a house, police arrested Sierra, Alatorre (the listed owner of the Ford), and another co-conspirator. The three were charged with conspiring to distribute meth.
>
> Sierra moved to suppress the drugs. At a hearing before a magistrate judge, Sierra tried to prove he owned the Ford. The only evidence was two receipts for tires installed on his Dodge Charger on February 19—two days after police searched the Ford. He claimed that the new tires were part of a deal to trade his Dodge for the Ford. Based solely on this, he said he had a reasonable expectation of privacy to challenge the February 17 search.
>
> The magistrate judge recommended denying the motion to suppress. The magistrate did not discuss whether Sierra had Fourth Amendment standing, instead finding that the search was constitutional. The district court adopted the recommendation.

*United States v. Sierra-Serrano*, 11 F.4th 931, 932–33 (8th Cir. 2021), *cert. denied*, 142 S. Ct. 1219 (2022).

Federal prisoners may collaterally attack their convictions or sentences

> on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). To prevail on a claim for ineffective assistance of counsel, Sierra-Serrano must establish that his counsel's performance "fell below an objective standard of reasonableness," and that this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 678–88 (1984). Sierra-Serrano must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 699.

Sierra-Serrano does not come close to meeting this burden. (1) Most of the facts and arguments Sierra-Serrano says his counsel should have raised assume that Sierra-Serrano possessed standing to challenge the Sport Trac's search. These include, for example, arguments concerning Trooper Parr's CVSA inspection, the Trooper's density meter, the significance of Catholic iconography in the vehicle, the hauler driver's consent, the drug dog's certification, and the application of the automobile exception to the search warrant requirement. The Eighth Circuit determined, however, that Sierra-Serrano had no reasonable privacy interest in the Sport Trac. *Sierra-Serrano*, 11 F.4th at 933–34. This determination means that these arguments are beside the point. (2) The record reflects that Sierra-Serrano's counsel thoroughly litigated the issue of standing before this court and before the Eighth Circuit Court of Appeals. It is true that counsel addressed this question only summarily in the opening appellate brief because the issue had not been ruled on below. *See* Brief of Appellant at 37–39, Appeal No. 20-1340, 2020 WL 2310493 (8th Cir. April 30, 2020). Nevertheless, counsel argued the issue extensively in the reply brief. *See* Reply Brief of Appellant at 13–20, Appeal No. 20-1340, 2020 WL 3884688 (8th Cir. June 30, 2020). Sierra-Serrano doesn't identify any standing-specific legal or factual question that wasn't raised. The Charger-for-Sport Trac deal that seems to be the focal point of this aspect of Sierra-Serrano's motion was in fact litigated before the Magistrate Judge and the Eighth Circuit. *See id*. (3) Finally, Sierra-Serrano waived any challenge to venue through his guilty plea. *See, e.g.*, *United States v. Limley*, 510 F.3d 825, 827 (8th Cir. 2007). If that weren't true, Sierra-Serrano admitted in his plea agreement that he personally

4

committed several overt acts in furtherance of the conspiracy, making venue in this Court appropriate. *United States v. Romero*, 150 F.3d 821, 824 (8th Cir. 1998).

Sierra-Serrano's § 2255 petition, separate memorandum, and the record in this case conclusively show that Sierra-Serrano is not entitled to § 2255 relief. Therefore, summary denial of his motion without an evidentiary hearing is appropriate. *See Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010). Further, Sierra-Serrano has failed to raise any issue that is "debatable among reasonable jurists" or that "deserve[s] further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994). As such, he has not made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a certificate of appealability. 28 U.S.C. § 2253.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Sierra-Serrano's § 2255 motion to vacate and correct his sentence, ECF No. 213, is **DENIED**.

2. No certificate of appealability shall issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: January 6, 2023

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court