UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | File No. 19-cr-61-2 (ECT) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Edgar Manuel Sierra-Serrano, | |
| Defendant. | |

---

Defendant Edgar Manuel Sierra-Serrano has filed a second pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No 257. Sierra-Serrano pleaded guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 and is serving a 200-month term of imprisonment. ECF No. 163 at 1–2; *see* ECF No. 115. Sierra-Serrano is currently in Bureau of Prisons custody at the Federal Correctional Institution in Thomson, Illinois, and his projected release date is July 30, 2032. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Aug. 26, 2025). Sierra-Serrano requests a sentence modification because his minor daughter, T.S., "is subject to removal from her biological mother," due to a Petition for Children in Need of Protection or Services with a Request for Emergency Protective Care filed by the Ramsey County Social Services Department. ECF No. 257 at 13; *see* ECF No. 257-1 at 7–23. The motion for compassionate release will be denied.

Under 18 U.S.C. § 3582(c)(1)(A), a court may not consider a defendant's motion until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Sierra-Serrano submitted a sentence-reduction petition to the warden on February 12, 2025. ECF No. 257-1 at 2. The warden denied Sierra-Serrano's request on March 5, 2025.[1] *Id.* at 1. The denial letter explained to Sierra-Serrano that he could "file an appeal . . . within 20 calendar days of the date of [the March 5, 2025 denial]." *Id.* Sierra-Serrano does not say whether he appealed the warden's decision. Sierra-Serrano's motion for compassionate release was received by the Court on March 24, 2025. ECF No. 257.

Courts in this District have held that when a defendant has additional, unexercised steps available to him in the Bureau of Prisons' administrative process, he has not "fully exhausted all administrative rights to appeal" as required by § 3582(c)(1)(A). *E.g.*, *United States v. Mendoza*, No. 10-cr-313(1) (DWF/FLN), 2019 WL 6324870, at *3–4 (D. Minn. Nov. 26, 2019); *United States v. Garcia*, No. 16-cr-333 (DWF), 2020 WL 4018223, at *2 (D. Minn. July 16, 2020) (concluding motion for compassionate release could not be considered because the court was unable to verify whether the defendant appealed the denial of his request to the warden). *See generally* 28 C.F.R. § 571.63 (describing administrative procedures following denial of a request for compassionate release and explaining a denial by the warden is appealable but a denial by the General Counsel or

---

[1]    Sierra-Serrano says the warden denied his request on March 15, 2025. ECF No. 257 at 3. The warden's denial letter is dated March 5, 2025. ECF No. 257-1 at 1.

Director of the Bureau of Prisons "constitutes a final administrative decision"). Here, the record does not show that Sierra-Serrano appealed the warden's denial of his compassionate-release request. Mr. Sierra-Serrano's motion could be denied on just this basis.[2]

If Sierra-Serrano satisfied the exhaustion requirement in § 3582(c)(1)(A), he has not demonstrated extraordinary and compelling circumstances that would merit compassionate release. Section 3582(c)(1)(A) permits a court, upon motion of the defendant, to reduce a term of imprisonment "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." A defendant bears the burden of showing that he is entitled to a sentence reduction. *United States v. Muhlenhardt*, No. 14-cr-162 (SRN/JJK), 2020 WL 4697112, at *3 (D. Minn. Aug. 13, 2020).

Sierra-Serrano seeks compassionate release based on U.S.S.G. § 1B1.13(b)(3)(A), asserting there are extraordinary and compelling circumstances to grant him compassionate release because T.S. may be placed in foster care. ECF No. 257 at 5, 13. The policy statement upon which Sierra-Serrano relies recognizes extraordinary and compelling circumstances exist in the event of "[t]he death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and

---

[2]   Sierra-Serrano should be aware of this issue. In a prior compassionate-release motion, *see* ECF No. 198, he failed to provide evidence he appealed the warden's denial of his request for release, and the consequences of this failure were explained to him, ECF No. 202 at 3–4.

3

incapable of self-care because of a mental or physical disability or medical condition." U.S.S.G. § 1B1.13(b)(3)(A).

"[C]ourts have found that placement of a defendant's child[] in foster care is not an extraordinary and compelling circumstance." *United States v. Willis*, No. 22-cr-153 (DWF/JFD), 2024 WL 4452134, at *2 (D. Minn. Oct. 9, 2024) (collecting cases). Rather, "[a] defendant would need to show some deficiency in the foster care placement to be successful on this argument." *Id.* (collecting cases). Here, assuming T.S. was placed in foster care,[3] Sierra-Serrano identifies no reason to think that foster care would be inappropriate for T.S., or that her placement would be deficient.

If a foster-care placement qualified as an extraordinary and compelling circumstance, courts agree that "the defendant must be a suitable caretaker and show that they would obtain custody of the child[] upon release." *Willis*, 2024 WL 4452134, at *2; *see also, e.g.*, *United States v. Gant*, No. 3:20-CR-28 JD, 2024 WL 1879567, at *3 (N.D. Ind. Apr. 29, 2024). Here, Sierra-Serrano has not shown he is a suitable caretaker, or that he would obtain custody of T.S. were he released. Sierra-Serrano has not shown he will have the requisite financial stability or an appropriate living situation to care for his

---

[3] Sierra-Serrano has not demonstrated that T.S. was removed from her mother's custody or that she remains out of her mother's custody. The evidence on which Sierra-Serrano relies is a so-called "CHIPS" petition to adjudicate that the mother's children—T.S. among them—needed protection and services. ECF No. 257-1 at 22. There is no indication whether the petition was granted. *See generally id.* And the petition is dated November 2024. *Id.* at 22. So, if the petition was granted and T.S. was placed in the temporary legal custody of the Ramsey County Social Services Department, it is unclear whether T.S. remains in an out-of-home placement or whether she has since been reunited with her mother.

4

daughter. Sierra-Serrano states that, upon release, he will reside with his spouse and her three children, and he will work at an auto shop. ECF No. 257 at 9; *see* ECF No. 147 ¶ 62 (noting the three children belong to Sierra-Serrano's spouse). These general, uncorroborated assertions are insufficient to show Sierra-Serrano is a suitable caretaker for his minor child. *See United States v. Foster*, No. 5:18-CR-00472, 2024 WL 3715442, at *4 (N.D. Ohio Aug. 8, 2024) (taking issue with the fact that defendant's "assertions of his financial ability remain unsubstantiated"); *Ray*, 2023 WL 3411024, at *4 ("Furthermore, while Ray states that he has a 'job already in place' at a business entitled 'The Gettin Place,' he has not provided the Court with any documentary evidence or declarations corroborating this representation.").

And, though it appears Sierra-Serrano executed a recognition of parentage for T.S., ECF No. 257-1 at 9, he has not provided any evidence that he possesses custodial rights. *See, e.g.*, *Gant*, 2024 WL 1879567, at *3 ("Mr. Gant's failure to provide evidence that he retains parental or custodial rights forecloses his claim for relief."); *Ray*, 2023 WL 3411024, at *3–4 (denying compassionate release in part because the defendant provided no information regarding whether his parental and custodial rights were terminated); *United States v. Bradley*, No. 17-cr-153(4) (ADM/DTS), 2022 WL 3084593, at *3 (D. Minn. Aug. 3, 2022) (noting the defendant "has not submitted any documentation . . . to validate the placement of K.H. or show that [he] would be recognized as K.H.'s father, much less that he would be awarded custody of K.H. in the proceedings"). The 2019 presentence report states T.S. "lives with her mother," Sierra-Serrano "was ordered to pay child support for [T.S.]," and Sierra-Serrano's wife "usually watches all of [Sierra-Serrano's] children on

5

the weekends, in an attempt to keep the children connected." ECF No. 147 ¶ 62. None of this shows Sierra-Serrano has—or had—physical or legal custody of T.S.

Regardless of T.S.'s situation, the applicable § 3553(a) factors continue to weigh against granting Sierra-Serrano's motion. Section 3553(a) directs courts to consider, among other factors,

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct; [and]
>>
>> (C) to protect the public from further crimes of the defendant.

18 U.S.C. § 3553(a).[4]

The § 3553(a) analysis has not changed in any material way since Sierra-Serrano's first compassionate-release motion. *See* ECF No. 202 at 7–8. There, I determined the § 3353(a) factors did not warrant Sierra-Serrano's release. *Id.* The only differences are that here, Sierra-Serrano provides no information regarding his in-custody disciplinary record or completed coursework, and he has now served roughly 67 months of his 200-month sentence, rather than 16 months. *See* ECF No. 202 at 8; ECF No. 257. The

---

[4] The factors in § 3553(a)(1) and § 3553(a)(2)(C) present effectively the same considerations as the Sentencing Commission's requirement that a court determine that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2).

serious and troubling circumstances of Sierra-Serrano's offense, his lengthy criminal history, *see* ECF No. 202 at 7–8, and the fact that he has served approximately one-third of his sentence weigh strongly against Sierra-Serrano's release, just as they did with respect to his first motion.

Sierra-Serrano requests appointment of counsel. ECF No. 257 at 2. "There is no constitutional right to counsel in postconviction proceedings beyond a defendant's first appeal of right." *Willis*, 2024 WL 4452134, at *3 (first citing *Garza v. Idaho*, 586 U.S. 232, 245–46 (2019); and then citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). Further, there is no statutory right to counsel in § 3582(c) sentence-modification proceedings. *United States v. Meeks*, 971 F.3d 830, 833 (8th Cir. 2020). Instead, courts are given discretion in deciding whether to appoint counsel. *See United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009). Sierra-Serrano has not shown appointment of counsel is merited.

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Defendant's Motion for Sentence Reduction [ECF No. 257] is **DENIED** without prejudice.

Dated: August 27, 2025                                  s/ Eric C. Tostrud
                                                        Eric C. Tostrud
                                                        United States District Court